UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| ANDRIAN JOHNSON, JR., ) | |
| ) | |
| *Plaintiff*, ) | Case No. 1:25-cv-363 |
| ) | |
| v. ) | Judge Atchley |
| ) | |
| HAMILTON COUNTY JAIL, ) | Magistrate Judge Steger |
| ) | |
| *Defendant*. ) | |

**MEMORANDUM & ORDER**

Plaintiff, a prisoner housed in the Hamilton County Jail, filed a pro se complaint under 42 U.S.C. § 1983 [Doc. 1; *see also* Doc. 5] and motion for leave to proceed *in forma pauperis* [Doc. 6]. For the reasons set forth below, the Court will grant Plaintiff's motion, dismiss the complaint for failure to state a claim, and permit Plaintiff an opportunity to file an amended complaint.

**I.     MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS***

Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 6] and supporting documentation [Doc. 10] establish that he cannot pay the filing fee in one lump sum. Accordingly, this motion [Doc. 6] is **GRANTED**.

Plaintiff is **ASSESSED** the civil filing fee of $350.00. 28 U.S.C. § 1914(a). The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit to the Clerk, U.S. District Court, 900 Georgia Avenue, Chattanooga, Tennessee 37402, twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to his trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee has been paid. 28 U.S.C. § 1915(b)(2).

The Clerk is **DIRECTED** to send a copy of this Order to the Court's financial deputy and the custodian of inmate trust accounts at Plaintiff's facility to ensure payment of the filing fee. This Order shall be placed in Plaintiff's prison file and follow him if he is transferred to another correctional institution.

## II. COMPLAINT SCREENING

### A. Standard

District courts must screen prisoner complaints and dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard the Supreme Court set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure to state a claim [at screening] because the relevant statutory language tracks the language in Rule 12(b)(6)" of the Federal Rules of Civil Procedure. *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review, a prisoner complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Formulaic and conclusory recitations of the elements of a claim do not state a plausible claim for relief. *Id.* at 681. Likewise, an allegation that does not raise a plaintiff's right to relief "above a speculative level" fails to state a plausible claim. *Twombly*, 550 U.S. at 570. However, courts liberally construe pro se pleadings and hold them to a less stringent standard than lawyer-drafted pleadings. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

A claim under 42 U.S.C. § 1983 requires a plaintiff to establish that a person acting under color of state law deprived him a federal right. 42 U.S.C. § 1983.

B.   **Allegations**

On August 13, 2025, Plaintiff was assaulted by multiple inmates in Unit G-2 at the Hamilton County Jail [Doc. 1 at 3]. Plaintiff notified officers that he was placed with inmates he could not "be around[,]" but the officers "went against policy" and placed Plaintiff with those inmates [*Id.* at 3–4].

The following day, Plaintiff asked the officers on shift not to put him back into G-2, but instead, to place him on protective custody [*Id.* at 4]. Even so, inmates were coming to Plaintiff's cell "calling [him] the police" and "harassing" him [*Id.*].

Inmates "pop[] out [of] the[ir] cell[s] in G-2 to the point" inmates on protective custody are assaulted [*Id.*]. Plaintiff has been assaulted multiple times [*Id.*]. He has received stitches in his face and third-degree burns, and he was held hostage [*Id.*]. Plaintiff has developed Post-Traumatic Stress Disorder as a result [*Id.*].

Aggrieved, Plaintiff filed this action against the Hamilton County Jail, seeking to sue due "to pain and suffering" and "life threatening" events [*Id.* at 5].

C.   **Analysis**

The Hamilton County Jail is the sole Defendant in this action. But Plaintiff cannot sue the Hamilton County Jail, because it is a building, not a person subject to liability under § 1983. *Cage v. Kent County Corr. Facility*, No. 96-1167, 1997 WL 225647, at *1 (6th Cir. May 1, 1997) (stating that "[t]he district court also properly found that the jail facility named as a defendant was not an entity subject to suit under § 1983"). Therefore, this Defendant will be **DISMISSED**.

Instead, Plaintiff's claims are properly considered against Hamilton County. But, Plaintiff has not set forth sufficient facts to permit the plausible inference that Hamilton County is liable for the misconduct alleged in his complaint, because he does not link any alleged harm to the implementation of an unconstitutional policy or custom of Hamilton County. *See Monell v. Dep't*

*of Soc. Servs.*, 436 U.S. 658, 708 (1978) (Powell, J., concurring) (explaining a municipality can only be held liable for harms that result from a constitutional violation when that underlying violation resulted from "implementation of its official policies or established customs"); *see also Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993) (noting that to sustain a *Monell* claim, the "plaintiff must identify the policy, connect the policy to the [County] itself and show that the particular injury was incurred because of the execution of that policy." (citation and internal quotation marks omitted)). Accordingly, Plaintiff has sued a legally non-existent entity under § 1983 and has not alleged facts permitting a claim to proceed against Hamilton County. Therefore, his complaint will be **DISMISSED**.

Nonetheless, it is possible that, if Plaintiff is permitted to amend, he may be able to state a colorable claim that one or more Defendants failed to protect him from harm at the Hamilton County Jail. *See LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("Under Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA.").

Accordingly, **if** Plaintiff desires to proceed on such a claim, he **must** file an amended complaint within **fourteen (14) days** of entry of this Order that contains a short and plain statement of facts (i.e., What happened? When? Where did it occur? Who is responsible?) setting forth exactly how the identified Defendant(s) failed to protect him from harm.[1] Plaintiff must disclose in any amended complaint whether he is a convicted prisoner or a detainee awaiting trial. Further, Plaintiff must avoid conclusory legal statements or arguments in this amended complaint. The Clerk will be **DIRECTED** to mail Plaintiff a § 1983 form for this purpose.

---

[1] The Court notes it is currently unclear whether Plaintiff has been assaulted since August 14, 2025, and, if so, whether he was in protective custody at the time. Plaintiff should clarify these matters in any amended complaint he files.

Plaintiff is **NOTIFIED** that the Court will only address the merits of Plaintiff's claims that relate to his original complaint. Accordingly, Plaintiff **SHALL NOT** attempt to set forth in his amended complaint any additional claims, and he is advised that any such claims will be **DISMISSED**. Further, Plaintiff is **NOTIFIED** that this amended complaint will be the sole operative complaint that the Court considers, and therefore, it **must** be complete in and of itself and must not refer to any previously filed allegations or pleadings.

Plaintiff is **NOTIFIED** that if he does not file an amended complaint within **fourteen (14) days** of entry of this Order, the Court will **DISMISS** this action for failure to prosecute and comply with an order of the Court, and for failure to state a claim upon which relief may be granted.

Plaintiff is **NOTIFIED** that the Court **WILL NOT** consider any other kind of motion for relief until after the Court has screened the amended complaint pursuant to the PLRA, which the Court will do as soon as practicable. Accordingly, the Court will automatically deny any motions filed before the Court has completed this screening.

### III. CONCLUSION

For the reasons set forth above:

1. Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 6] is **GRANTED**;

2. Plaintiff is **ASSESSED** the civil filing fee of $350.00;

3. The custodian of Plaintiff's inmate trust accounts is **DIRECTED** to submit the filing fee to the Clerk in the manner set forth above;

4. The Clerk is **DIRECTED** to provide a copy of this Memorandum and Order to the custodian of inmate accounts at the institution where Plaintiff is now confined and the Court's financial deputy;

5. Even liberally construing the complaint in favor of Plaintiff it is **DISMISSED WITHOUT PREJUDICE** for failure to state a claim upon which relief may be granted;

6. The Clerk is **DIRECTED** to forward Plaintiff a § 1983 form;

5

7. Plaintiff is **ORDERED** to complete the § 1983 form within **fourteen (14) days** in accordance with the directives stated above **if** he desires to further pursue this action;

8. Plaintiff is **NOTIFIED** that if he fails to file an amended complaint within the allowed time, the Court will dismiss this action for failure to state a claim and failure to prosecute and comply with an Order of the Court; and

9. Plaintiff is **ORDERED** to immediately inform the Court and Defendants or their counsel of record of any address changes in writing. Pursuant to Local Rule 83.13, it is the duty of a pro se party to promptly notify the Clerk and the other parties to the proceedings of any change in his address, to monitor the progress of the case, and to prosecute or defend the action diligently. E.D. Tenn. L.R. 83.13. Failure to provide a correct address to this Court within fourteen (14) days of any change in address may result in the dismissal of this action.

**SO ORDERED**.

*/s/ Charles E. Atchley, Jr.*
**CHARLES E. ATCHLEY, JR.**
**UNITED STATES DISTRICT JUDGE**