UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| ANDRIAN JOHNSON, JR., | ) |
| *Plaintiff*, | ) Case No. 1:25-cv-363 |
| v. | ) Judge Atchley |
| C/O STOCKWELL and C/O SCHWARTZ, | ) Magistrate Judge Steger |
| *Defendants*. | ) |

## MEMORANDUM & ORDER

Plaintiff Andrian[1] Johnson, Jr., a pretrial detainee housed at the Hamilton County Jail, has filed an amended complaint that is before the Court for screening in compliance with the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. For the reasons set forth below, the Court will permit a failure-to-protect claim to proceed against Corrections Officer ("CO") Stockwell in his individual capacity and dismiss all remaining claims and Defendants.

### I. PLRA SCREENING STANDARD

Under the PLRA, district courts must screen prisoner complaints and *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure to state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant

---

[1] Plaintiff's first name is designated as "Andrian" in both Plaintiff's initial complaint [Doc. 5] and his inmate account information [Doc. 10]. However, Plaintiff identifies his first name as "Adrian" in at least two places in his amended complaint [Doc. 12 at 1, 5], though the envelope bearing the amended complaint lists his first name as "Andrian" in the return address [*Id.* at 6]. For present purposes, the Court presumes without deciding that "Andrian" is Plaintiff's correct first name.

statutory language tracks the language in Rule 12(b)(6)" of the Federal Rules of Civil Procedure. *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Courts liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than lawyer-drafted pleadings. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, allegations that give rise to a mere possibility that a plaintiff might later establish undisclosed facts supporting recovery are not well-pled and do not state a plausible claim. *Twombly*, 550 U.S. at 555, 570. Further, formulaic and conclusory recitations of the elements of a claim which are not supported by specific facts are insufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 681.

To state a claim under § 1983, Plaintiff must establish that a "person" acting "under color of" state law deprived him of "any rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983.

## II. ALLEGATIONS OF AMENDED COMPLAINT

On August 12, 2025, Plaintiff "put in a[] request" for someone at the Hamilton County Jail to come speak with him, because he did not feel safe in his pod. [Doc. 2 at 4]. No one ever came to speak to Plaintiff. [*Id.*]. Then, sometime between 6:30 p.m. and 9:00 p.m. on August 13, 2025, Plaintiff "was assaulted by multiple inmates in G2." [Doc. 12 at 3–4]. Plaintiff notified COs Stockwell and Schwartz that he "had multiple incompatibles in the pod that he couldn't be around[,] and they ignored" Plaintiff and placed him in the pod. [*Id.* at 4]. Plaintiff notified CO Stockwell that he was not safe in G2, and then Plaintiff "got assaulted and knocked out and woke up to" third-degree burns." [*Id.*].

The following day, August 14, 2025, Plaintiff asked CO Schwartz not to place him in G2, but CO Schwartz ignored Plaintiff and put Plaintiff back in G2 on protective custody. [*Id.*]. Plaintiff's protective custody designation failed to protect him, as inmates were "able to pop out" of their cells and "assault inmates on protective custody." [*Id.*]. In fact, inmates "were still able to come to [Plaintiff's] cell harassing" him. [*Id.*]. Plaintiff has post-traumatic stress disorder ("PTSD") because of these events. [*Id.*].

Aggrieved, Plaintiff filed this amended complaint against COs Stockwell and Schwartz, asking the Court to order that these Defendants be fired and award him monetary damages "due to their negligence." [*Id.* at 5].

### III. ANALYSIS

Plaintiff does not state whether he intends to sue Defendants in their individual capacities, their official capacities, or in both capacities. Absent indication to the contrary, the Court must presume Defendants are being sued in their official capacities. *See Whittington v. Milby*, 928 F.2d 188, 193 (6th Cir.1991). But here, Plaintiff seeks punitive damages, which are not available against Defendants in their official capacities. *See Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981) ("[A] municipality is immune from punitive damages under 42 U.S.C. § 1983."); *see also Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978) (noting official-capacity suits are "only another way of pleading an action against an entity of which an officer is an agent"). Accordingly, out of an abundance of caution, the Court will assume Plaintiff intends to sue Defendants in both their official and individual capacities.

#### A. Official-Capacity Claims

To the extent Plaintiff sues Defendants in their official capacities, he is suing Hamilton County itself. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (holding "an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity"). But to sustain

3

suit against Hamilton County, Plaintiff must allege facts from which this Court could infer that his constitutional rights were violated because of an unconstitutional County policy or custom. *See Monell*, 436 U.S. at 708 (Powell, J., concurring) (explaining a municipality can only be held liable for harms that result from a constitutional violation when that underlying violation resulted from "implementation of its official policies or established customs"). That is, "[P]laintiff must identify the policy, connect the policy to the [County] itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993) (citation and internal quotation marks omitted).

Here, Plaintiff has not alleged any facts from which the Court could plausibly infer that a custom or policy attributable to Hamilton County caused him any injury. Therefore, all official-capacity claims against Defendants will be dismissed.

### B.     Individual-Capacity Claims

To state a claim against any Defendant in his individual capacity, Plaintiff must adequately plead that each Defendant, by his own actions, has violated the Constitution. *Iqbal*, 556 U.S. at 676; *see also Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (providing that "a complaint must allege that the defendants were personally involved in the alleged deprivation of federal rights" to state a claim upon which relief may be granted).

First, Plaintiff maintains that Defendants were negligent in performing their duties. [Doc. 12 at 4]. But negligence cannot form the basis of a § 1983 claim. *See, e.g., Daniels v. Williams*, 474 U.S. 327, 331–32 (1986). Therefore, Plaintiff's allegations of Defendants' negligence fail to state a viable § 1983 claim and will be dismissed.

But Plaintiff also alleges that Defendants CO Stockwell and Schwartz failed to protect him [*See* Doc. 12 at 3–4]. And the Constitution requires corrections officials to "take reasonable measures to guarantee the safety of the inmates[.]" *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)

(citation omitted). The Sixth Circuit has held "that a failure-to-protect claim by a pretrial detainee requires only an objective showing that an individual defendant acted (or failed to act) deliberately and recklessly." *Westmoreland v. Butler Cnty.*, 29 F.4th 721, 728 (6th Cir. 2022) (citation omitted). Specifically, liability attaches where the defendant officer "[1] act[ed] intentionally in a manner that [2] put[] the plaintiff at a substantial risk of harm, [3] without taking reasonable steps to abate that risk, and [4] by failing to do so actually cause[d] the plaintiff's injuries." *Stein v. Gunkel*, 43 F.4th 633, 639 (6th Cir. 2022) (citing *Westmoreland*, 29 F.4th at 729).

Even though the Court permitted Plaintiff an opportunity to amend his complaint to cure the deficiencies in his initial pleading [*see* Doc. 11], Plaintiff's amended complaint still lacks specificity as to the timing of certain events, the particular danger posed by the circumstances, and the precise facts each Defendant allegedly knew. [Doc. 12]. For instance, Plaintiff does not state exactly when he told either Defendant that he had "multiple incompatibles" in G2, whether he identified specific inmates in G2 with whom he was incompatible, and he does not state whether any of those "incompatible" inmates were involved in the alleged assault on him on August 13, 2025. Further, he does not indicate whether his initial housing in G2 was in general population, a one-man cell, or some other housing arrangement. Instead, Plaintiff alleges with specificity only that (1) he told CO Stockwell that he "wasn't safe in G2 and then" got assaulted [*Id.* at 4] and (2) CO Schwartz placed him back in G2 on protective custody the day following Plaintiff's alleged assault [*Id.*].

At this stage of the litigation, the Court will presume that Plaintiff's allegations against CO Stockwell, though vague, are sufficient to permit the plausible inference that CO Stockwell knew or should have known that Plaintiff was at risk of harm in G2, that he placed Plaintiff in that pod despite such knowledge, and that Plaintiff was harmed as a result. Accordingly, the Court will permit a failure-to-protect claim to proceed against CO Stockwell in his individual capacity.

But the Court finds Plaintiff's allegations against CO Schwartz must be dismissed. Plaintiff does not allege that he was assaulted after asking CO Schwartz not to place him back in G2 following the assault, and he admits that CO Schwartz placed him in protective custody in that unit.[2] And while Plaintiff makes a general allegation that inmates in G2 can "pop" out of their cells, he does not allege that his particular cell is susceptible to being "popped" open to permit an attack. Further, the fact that inmates are purportedly able to come to Plaintiff's cell and harass him is insufficient to raise a colorable issue, because such conduct does not pose a substantial risk of harm to Plaintiff. In sum, Plaintiff has not alleged any facts indicating that his placement in G2 on protective custody placed him at a substantial risk of harm, or that he suffered any injuries as a result. *See Stein*, 43 F.4th at 639. Thus, Plaintiff's claims against Defendant CO Schwartz in his individual capacity will be dismissed for failure to state a claim. *See Iqbal*, 556 U.S. at 678 ("Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" (quoting *Twombly*, 550 U.S. at 557)).

### IV. CONCLUSION

For the reasons set forth above:

1. Plaintiff has set forth a plausible failure-to-protect claim against CO Stockwell in his individual capacity, and this claim will **PROCEED**;

2. The Clerk is **DIRECTED** to send Plaintiff a service packet (a blank summons and USM 285 form) for Defendant Stockwell;

3. Plaintiff is **ORDERED** to complete the service packet and return it to the Clerk's Office within twenty-one (21) days of entry of this Order;

---

[2] The Court notes that by permitting Plaintiff to file an amended complaint, the Court has already provided Plaintiff one opportunity to cure his pleading deficiencies [*See* Doc. 11]. And the Court specifically advised Plaintiff in its prior Order that Plaintiff "should clarify" in any amended complaint filed whether he "has been assaulted since August 14, 2025, and, if so, whether he was in protective custody at the time" [*Id.* at 4 n.1].

6

Case 1:25-cv-00363-CEA-CHS   Document 13   Filed 01/07/26   Page 6 of 7   PageID #: 51

4. At that time, the summons will be signed and sealed by the Clerk and forwarded to the U.S. Marshal for service, *see* Fed. R. Civ. P. 4;

5. Plaintiff is **NOTIFIED** that if he fails to timely return the completed service packet, this action will be dismissed;

6. Defendant shall answer or otherwise respond to the complaint within twenty-one (21) days from the date of service. If Defendant fails to timely respond to the complaint, it may result in entry of judgment by default;

7. All other claims and Defendants are hereby **DISMISSED**; and

8. Plaintiff is **ORDERED** to immediately inform the Court and Defendant or his or her counsel of record of any address changes in writing. Pursuant to Local Rule 83.13, it is the duty of a pro se party to promptly notify the Clerk and the other parties to the proceedings of any change in his address, to monitor the progress of the case, and to prosecute or defend the action diligently. E.D. Tenn. L.R. 83.13. Failure to provide a correct address to this Court within fourteen (14) days of any change in address may result in the dismissal of this action.

**SO ORDERED**.

*/s/ Charles E. Atchley, Jr.*
**CHARLES E. ATCHLEY, JR.**
**UNITED STATES DISTRICT JUDGE**