**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**AT CHATTANOOGA**

| | | |
|---|---|---|
| ANDRIAN JOHNSON, JR., | ) | |
| | ) | |
| *Plaintiff*, | ) | Case No. 1:25-cv-363 |
| | ) | |
| v. | ) | Judge Atchley |
| | ) | |
| TRENTON K. STOCKWELL, | ) | Magistrate Judge Steger |
| | ) | |
| *Defendants*. | ) | |
| | ) | |

**MEMORANDUM OPINION**

Pro se prisoner Andrian Johnson, Jr., was permitted to proceed in this civil rights action under 42 U.S.C. § 1983 alleging that Defendant Corrections Officer Stockwell failed to protect him from assault while Plaintiff was housed as a pretrial detainee in the Hamilton County Jail. [*See generally* Doc. 13]. Before the Court is Defendant's motion to dismiss this action based on Plaintiff's purported failure to exhaust his available administrative remedies prior to filing suit [Doc. 32]. Plaintiff failed to respond to the motion, and the deadline to do so has passed. *See* E.D. Tenn. L.R. 7.1. Consistent with the Court's Local Rules, the Court finds Plaintiff has waived opposition to the sought relief. *See* E.D. Tenn. L.R. 7.2. Further, upon consideration of the record before the Court and the applicable law, the Court finds that Defendant's motion should be granted.

## I. RELEVANT BACKGROUND & PROCEDURAL HISTORY

Plaintiff alleges that on August 12, 2025, he submitted a request for someone at the Hamilton County Jail to come speak with him because he did not feel safe in his pod. [Doc. 12 at 4]. No one came to speak with Plaintiff, however, and on August 13, 2025, Plaintiff was assaulted by multiple inmates in G2. [*Id.* at 3–4]. Plaintiff maintains he notified Defendant Stockwell and another deputy that he "had multiple incompatibles in the pod that he couldn't be around[,] and they ignored" Plaintiff and placed him in the pod. [*Id.* at 4]. Plaintiff notified Defendant Stockwell

that he was not safe in G2, and then Plaintiff "got assaulted and knocked out and woke up to" third-degree burns. [*Id.*]. Plaintiff alleges that the Hamilton County Jail maintains a grievance procedure that he properly pursued as to the facts of this case without receiving a response. [*Id.* at 2].

On screening Plaintiff's amended complaint [Doc. 12] in accordance with the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A, the Court permitted a failure-to-protect claim to proceed against Defendant Stockwell in his individual capacity [Doc. 13 at 6–7]. The Court dismissed all remaining claims and Defendants [*Id.*].

Thereafter, Defendant Stockwell responded to the amended complaint by filing the instant motion to dismiss, in which he alleges (1) Plaintiff failed to exhaust his administrative remedies before filing suit as required by the PLRA, (2) qualified immunity shields him from liability, and (3) the amended complaint fails to plausibly allege a Fourteenth Amendment failure-to-protect claim. [Doc. 32]. Because it is apparent that Defendant's exhaustion defense is meritorious and warrants dismissal of this action, the Court resolves the instant motion on that basis. The Court explains below.

## II. ANALYSIS

The PLRA provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The provision demands "proper exhaustion," which requires a plaintiff to complete "the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." *Woodford v. Ngo*, 548 U.S. 81, 88, 93 (2006). Thus, to properly exhaust his claims, a prisoner must utilize every step of the prison's procedure for resolving his grievance and follow the "critical procedural rules" in a

manner that allows prisoner officials to review and, where necessary, correct the issues set forth in the grievance "on the merits." *Troche v. Crabtree*, 814 F.3d 795, 798 (6th Cir. 2016) (citation omitted).

To further this purpose, exhaustion is mandatory, regardless of the type of relief sought, or whether such relief can be granted through the administrative process. *See Woodford*, 548 U.S. at 85. Therefore, "exhaustion is required even if the prisoner subjectively believes the remedy is not available, . . . . and even where (the prisoners) believe the procedure to be ineffectual or futile . . . ." *Napier v. Laurel Cnty.,* 636 F.3d 218, 222 (6th Cir. 2011) (internal citations and citations omitted); *Woodford*, 548 U.S. at 95 (stating that an effective exhaustion requirement must be strict, otherwise "[a] prisoner who does not want to participate in the prison grievance system will have little incentive to comply").

"Rule 12(b)(6) [of the Federal Rules of Civil Procedure] permits a defendant to seek relief on the ground that a cause of action fails as a matter of law, regardless of whether the plaintiff's factual allegations are true[.]" *Winnett v. Caterpillar, Inc*., 553 F.3d 1000, 1005 (6th Cir. 2009). And while failure to exhaust administrative remedies is an affirmative defense that "inmates are not required to specially plead or demonstrate . . . in their complaints[,]" a complaint may nonetheless be dismissed for failure to state a claim when its allegations establish the defense. *Jones v. Bock*, 549 U.S. 199, 215–16 (2007). To survive a Rule 12(b)(6) motion raising failure to exhaust, the inmate "cannot just sit on his laurels, but must offer competent and specific evidence showing that he indeed exhausted his remedies, or was otherwise excused from doing so." *Sango v. Johnson*, No. 13-12808, 2014 WL 8186701, at *5 (E.D. Mich. Oct. 29, 2014).

Review of Plaintiff's amended complaint, grievances, and the Hamilton County grievance policy establish that Plaintiff failed to properly complete the grievance process before he filed this

action.[1] The Hamilton County Sheriff's Office Inmate Grievance Procedure requires an inmate to submit a grievance through the electronic kiosk within ten (10) days of the incident or complaint giving rise to the grievance [Doc. 33-2 p. 3–4]. If dissatisfied with the grievance response, the inmate may appeal to the Chief of Corrections or the Chief's designee within five (5) calendar days [*Id.* at 4]. The Chief's decision constitutes "the final authority" and concludes the grievance process [*Id.* at 5].

Plaintiff's grievance records establish that he understood and routinely used the grievance process, both before and after the August 13, 2025, incident, thus demonstrating that administrative remedies were available to him.[2] [*See* Doc. 33-1]. For example, Plaintiff submitted a grievance on August 12, 2025, merely requesting to be moved because he "d[id]n't feel safe," and jail staff resolved the grievance by moving him three days later. [Doc. 33-1 at 1]. And following the August 13, 2025, incident, Plaintiff filed a request for lawsuit papers, sought to pursue criminal charges against the inmates involved in the assault, and submitted other requests unrelated to his failure-to-protect claim against Defendant Stockwell. [*Id.* at 2–5]. None of these grievances alleged that Defendant Stockwell failed to protect Plaintiff. [*Id.*]. All those grievance records include a

[1] The Court considers these documents without converting Defendant's motion to summary judgment because Plaintiff's amended complaint references Plaintiff's grievances and the grievance process, and Hamilton County's grievance policy is a public record subject to judicial notice. *See, e.g., Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008) (holding court may consider public records and all documents referenced in the complaint that are central to the claims without converting a motion to dismiss into a motion for summary judgment); *see also Clark v. Stone*, 998 F.3d 287, 296–97 (6th Cir. 2021) (holding courts may consider "the [c]omplaint and any exhibits attached thereto, public records, items appearing in the record of the case[,] and exhibits attached to defendant's motion to dismiss so long as they are referred to in the [c]omplaint and are central to the claims contained therein" without converting the motion to one for summary judgment).

[2] In some limited circumstances, an inmate is relieved of his duty to exhaust administrative remedies because the remedies are effectively unavailable. *See Ross v. Blake*, 578 U.S. 632, 643–44 (2016). There is nothing before the Court to permit the inference that such limited circumstances are present in this case.

response, thus refuting Plaintiff's allegation that he never received a grievance response despite his pursuit of "[a]ll the proper grievance procedures." [Doc. 12 at 2].

The first grievance Plaintiff filed that identified Defendant Stockwell was not submitted until December 23, 2025, months after the assault and after this lawsuit was filed. [Doc. 33-1 at 6; Doc. 1]. Thus, Plaintiff did not timely file a grievance concerning Defendant Stockwell's alleged (in)action within the time frame required by the grievance policy, and the grievance he did eventually file cannot satisfy the PLRA, as it was filed after Plaintiff initiated this lawsuit. *See* 42 U.S.C. § 1997e(a) (providing exhaustion must occur before suit is filed). Additionally, Plaintiff never appealed any grievance to the Chief or the Chief's designee as required by the facility's grievance policy. And by failing to pursue the final step of the grievance process, Plaintiff did not otherwise properly exhaust his administrative remedies. Accordingly, Defendant is entitled to have this action against him dismissed.

## III. CONCLUSION

For the reasons set forth above, the Court finds Defendant is entitled to the dismissal of this action for Plaintiff's want of exhaustion under 42 U.S.C. § 1997e. Therefore, Defendant's motion [Doc. 32] will be **GRANTED**, and this action will be **DISMISSED WITHOUT PREJUDICE**.

The Court **CERTIFIES** that any appeal from this order would not be taken in good faith. Therefore, the Court will **DENY** Plaintiff leave to proceed *in forma pauperis* on any subsequent appeal.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

**SO ORDERED.**

*/s/ Charles E. Atchley, Jr.*
**CHARLES E. ATCHLEY, JR.**
**UNITED STATES DISTRICT JUDGE**